FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ MAY 1 1 2017 ★

BROOKLYN OFFICE

|  |  |
|---|---|
| UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF NEW YORK<br>----------------------------------------------------------x<br>ROSEMARY S. LAJSZKY,<br>                Plaintiff,<br>  -against-<br><br>CAROLYN W. COLVIN,<br>                Defendant.<br>----------------------------------------------------------x | NOT FOR PUBLICATION<br>**MEMORANDUM & ORDER**<br>09-CV-1844 (CBA) (PK) |

**AMON, United States District Judge:**

Before the Court is a motion for attorney's fees by petitioner Douglas C.J. Brigandi, who seeks a portion of the past-due benefits that plaintiff Rosemary S. Lajszky was ultimately awarded after her decade-long dispute with the Social Security Administration ("SSA"). Lajszky commenced this underlying action on May 6, 2009, under the Social Security Act, 42 U.S.C. §§ 405(g) and 1383(c) to challenge an administrative law judge's ("ALJ") decision denying her claim for Social Security Disability benefits. Lajszky, a former United States Post Office employee, applied for disability on April 4, 2005, but the SSA denied Lajszky's claim on August 8, 2005. (Id. ¶ 5.) Lajszky sought an administrative appeal of that decision within the SSA, and she retained petitioner Brigandi to represent her in the ongoing disability claim.

Brigandi represented Lajszky in front of ALJ Hazel C. Strauss, who on February 14, 2008, denied Lajszky's claim. After the SSA Appeals Council denied a Request for Review—rendering the decision final—Brigandi filed this action for Lajszky, seeking review of the administrative decision. On December 9, 2010, this Court issued an Order reversing the February 2008 ALJ decision and remanding for further administrative proceedings. (D.E. # 22.) As a result of Brigandi's 23.75 hours of work expended before this Court to obtain the remand, the parties stipulated that Brigandi would receive a payment of $4,156.25 for attorney's fees, plus $350 in

1

costs, pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d) ("EAJA"). (D.E. # 26.) On remand, ALJ Strauss on May 2, 2011, again denied Lajszky's claim and, after the SSA Appeals Council declined review, Brigandi filed with this Court a second complaint seeking review of the administrative decision. (See Lajszky v. Astrue, 12-CV-03722 (CBA), D.E. # 1.) After briefing and oral argument, however, Lajszky on March 11, 2014, withdrew her complaint without prejudice. (Id., D.E. # 27.) Brigandi does not seek compensation for his efforts during this aborted challenge.

On October 18, 2013, in an unrelated matter, in which Brigandi did not participate, this Court approved the class settlement in Padro v. Astrue, No. 11-CV-1788 (CBA), a case involving allegations that certain SSA ALJs—including ALJ Strauss—were biased against social security claimants. (See Padro, D.E. # 226.) As part of the settlement, the Commissioner of Social Security agreed to readjudicate unfavorable decisions issued by the suspect ALJs. By virtue of this ruling, Lajszky was afforded a hearing before a new ALJ on October 6, 2015, and on May 24, 2016, she was determined to have been eligible for Social Security Disability as of October 11, 2003, as she had alleged in her original claim. On July 3, 2016, the SSA advised Lajszky that she was owed past-due Social Security Disability benefits totaling $128,586.00, of which $31,768.00 was withheld in the event that the SSA would need to pay Lajszky's representative.

In the instant motion, filed on September 16, 2016, Brigandi asks this Court to award him attorney's fees pursuant to 42 U.S.C. § 406(b) for the 23.75 hours he spent working on the first action brought before this Court, which resulted in a remand. (D.E. # 29.) This Court referred the motion to the Honorable Peggy Kuo, United States Magistrate Judge, for report and recommendation. (See D.E. dated September 16, 2016.) The government filed a letter in response noting that it did not object to the proposed fee award, (see D.E. # 34), and on January 23, 2017,

Magistrate Judge Kuo recommended that this Court grant Brigandi's motion for attorney's fees and award him $19,593.75, (see D.E. # 36 ("R&R")).

Section 406(b)(1)(A) sets out the circumstances under which a court may award attorney fees for counsel who assists a claimant in obtaining a ruling that results in an award of Social Security benefits. It states that "[w]henever a court renders a judgment favorable to a claimant . . . who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." By the plain language of § 406(b), "an attorney gets nothing unless a court renders a 'favorable judgment' and a claimant is awarded past-due benefits 'by reason of' that judgment." Parrish v. Comm'r of Soc. Sec. Admin., 698 F.3d 1215, 1220 (9th Cir. 2012) (emphasis added). Moreover, only the attorney's representation of the claimant "before the court" that rendered the favorable judgment that results in the award of past-due benefits is compensable under § 406. An attorney cannot seek compensation for work done for a claimant as part of the administrative process before the SSA or before a court that either did not render a favorable opinion, or whose opinion—though favorable—was not the "reason" for claimant's ultimate benefits award. See, e.g., Hill v. Colvin, No. 12-CV-02880 (FB), 2016 WL 2866517, at *3 (E.D.N.Y. May 17, 2016).

The Court understands the circumstances of this case to fall into the latter of the above categories. Although Brigandi did successfully challenge the SSA's initial denial of benefits in this Court—obtaining the favorable judgment of a remand for reconsideration of the denial—Lajszky's ultimate benefits award does not appear to have been attained "by reason of" this Court's remand. That is because, upon remand, the ALJ again denied Lajszky's claim and the SSA Appeals Council denied review, which rendered the denial final. At that point, the potential for

3

this Court's remand to have resulted in an award of past-due benefits was terminated. Cf. McGraw v. Barnhart, 450 F.3d 493, 502 (10th Cir. 2006) (finding fees under 406(b) appropriate where counsel "renders substantial service before the [district] court and is successful in obtaining a remand *which ultimately leads to an award of benefits*" (emphasis added)). As is evident from Lajszky's own conduct, a new action was required to challenge this second round of denials, and only a favorable judgment in that new action could be construed as resulting in a subsequent benefits award. In this case, Lajszky brought, briefed, and argued such a new action in this Court challenging the second ALJ denial, but on March 10, 2014, voluntarily withdrew the complaint before the Court rendered a judgment. Thus, 406(b) does not appear to permit attorney's fees to be awarded based on this second action, either (nor, for that matter, does Brignadi seek fees based on the second action). Thereafter, the SSA Appeals Council determined that, in light of Padro, Lajszky was entitled to a rehearing in front of a new ALJ. The ALJ conducted a new administrative hearing and determined that Lajszky was owed past-due benefits of $128,586.00. That hearing, however, was neither "before" this Court nor did it occur "by reason of" a judgment attained through Brignadi's representations in this Court. See Hill, 2016 WL 2866517, at *2. Accordingly, this Court does not appear to have the authority to award attorney's fees to Brignadi under § 406(b) based on the benefits awarded to Lajszky therefrom.[1]

Brigandi is accordingly ordered to provide supplemental briefing to this Court by May 25, 2017, explaining why, under these facts, this Court should award him a percentage of Lajszky's

---

[1] Based on Brigandi's submissions to the Court, it is unclear whether he represented Lajszky in front of the new ALJ who ultimately awarded the benefits. Compare D.E. # 30 ("Brigandi Dec.") ¶ 7 (noting that Lajszky and "the undersigned" appeared at the first hearing before ALJ Strauss) and ¶ 13 (same regarding second hearing before ALJ Strauss) with ¶ 18 (noting only that "a third hearing was conducted"). Likewise unclear is the extent of Brigandi's involvement in the aborted challenge in this Court to ALJ Strauss's second denial. See Brigandi Dec. ¶¶ 15–16 (noting that the second action "was filed," "was fully briefed," and that a motion to withdraw the complaint "was made"); see also Lajszky v. Astrue, 12-CV-03722 (CBA) (indicating that co-counsel Howard D. Olinsky alone signed the briefs and represented Lajszky in court).

4

past-due benefits as attorney's fees pursuant to 42 U.S.C. § 406(b). Brigandi is instructed to specifically address whether—and if so, how—Lajszky's ultimate receipt of benefits can be construed as having been awarded "by reason of" a "favorable judgment" rendered by this Court in a case in which Brigandi was representing Lajszky. The government is also instructed to supplement its letter explaining its position in light of the above.

SO ORDERED.

Dated: May 11, 2017
   Brooklyn, New York

s/Carol Bagley Amon
_____
Carol Bagley Amon
United States District Judge